28 C.C.P.A.(Patents)

## BROWN v. CHILDS.
### Patent Appeal No. 4442.

Court of Customs and Patent Appeals.
June 9, 1941.

I. Seltzer and C. W. Levinson, both of New York City, for appellant.

Newton M. Perrins and Daniel I. Mayne, both of Rochester, N. Y. (Henry S. Boynton, of Rochester, N. Y., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal in an interference proceeding wherein the Board of Appeals of the United States Patent Office affirmed a decision of the Examiner of Interferences which awarded priority of invention of the subject matter of all of the counts, 1 to 8 inclusive, to appellee, Henry R. Childs.

The interference involves a patent to appellant, No. 2,025,568, issued December 24, 1935, upon application Serial No. 19,384, filed May 2, 1935, and an application Serial No. 69,351, filed by appellee March 17, 1936. Since appellee is the junior party and did not file his application until after appellant's patent had been issued, he has the burden of proving priority of invention beyond a reasonable doubt.

The patent of appellant is for "Article and Material Containing Organic Derivatives of Cellulose." The application of appellee claims invention in "Improvements in Cellulose Derivative Crepe Sheeting."

Appellee copied the claims constituting the counts herein from the patent of appellant for the purpose of this interference.

The invention in issue relates to sheet materials, or to foils which are very thin sheets, containing as a chief ingredient an organic derivative of cellulose, and is sufficiently described in the following illustrative counts:

"1. An article of manufacture comprising a substantially permanently pleated sheet containing an organic derivative of cellulose, said pleated sheet being extensible without loss of its pleated form.

"2. An article of manufacture comprising a substantially permanently pleated foil containing an organic derivative of cellulose, said sheet being less than .015 inch thick, said pleated foil being extensible without loss of its pleated form."

"8. An article of manufacture comprising a substantially permanently pleated foil containing cellulose acetate and a plasticizer, the pleats being of an order less than one-half inch, said pleated foil being extensible without loss of its pleated form."

Appellant, in his preliminary statement, alleged conception of the invention, disclosure to others and reduction of it to practice in January 1934. Appellee, in his preliminary statement, alleged conception of the invention, disclosure to others and reduction of it to practice, together with the beginning of the exercise of reasonable diligence, on January 30, 1934.

During the motion period appellant moved to dissolve the interference for the alleged reason that the application of appellee does not disclose the following limitations of the counts: A permanently pleated sheet material; a sheet material extensible without loss of its pleated form; a sheet less than .015 inch thick, and a sheet material having pleats of an order of less than one-half inch. The motion was denied by the Primary Examiner.

Appellee took testimony. Appellant relied upon his filing date, but put in evidence by stipulation several samples of pleated cellulose acetate sheet material as repre-

sentative of the type of pleated sheeting claimed by him to be defined by the counts.

At the final hearing appellant again raised the question of the right of appellee to make the counts, contending that the evidence of record which was not before the Primary Examiner was such as to warrant a holding by the Examiner of Interferences contrary to that of the Primary Examiner. The Examiner of Interferences, after analyzing the testimony, stated that he saw no reason for reaching a conclusion different from that of the Primary Examiner.

On the merits of the case the Examiner of Interferences fixed no date of conception of the invention by appellee, but awarded him a date of at least as early as August 1, 1934, for reduction of the invention to practice. The Board of Appeals affirmed the decision of the Examiner of Interferences in all respects.

Appellant contends here that the disclosure of appellee does not support the counts; that appellee did not actually reduce to practice the invention defined by the counts; that the activity of appellee ended as an abandoned experiment; that appellee did not exercise due diligence during the critical period of from just prior to May 2, 1935, the filing date of appellant, to March 17, 1936, the filing date of appellee, and that appellee was apparently spurred into activity by knowledge of the entry into the field by appellant.

It is quite clear that the sheets disclosed in the involved application comprise the ingredients, the dimensions and the extensibility defined in the counts. The principal question to be decided is whether the term "pleated" appearing in the counts includes products of the type produced in accordance with appellee's application.

The sheets of appellee in evidence resemble frail, tissue-thin crepe paper. The creped characteristic is present by reason of minute wrinkles, crimps or tiny folds of the material in close, roughly parallel formation across the width of the sheet.

Appellant contends that the sheets of appellee do not respond to any of the counts for the stated reason that they are not "pleated," in that the sheets are not uniformly and regularly folded. There is nothing in the counts that specifically requires the sheets to be uniformly and regularly folded, so that if a broad construction of the term "pleated" includes the wrinkles or crimps in the sheets of appellee and the language of the count is not ambiguous his disclosure is sufficient to support the counts.

The tribunals below agreed that the term "pleated" is broad and that it includes materials of the kind disclosed in the application of appellee and as shown by his exhibits. They based their holdings upon the common meaning of the term as defined by the lexicographers. All of the standard dictionaries appear to define the terms "pleat" and "pleated" as a folding in cloth, etc., a doubling back of material upon itself, or a fold or crease or corrugation resembling such fold or folding.

As far as the counts herein are concerned, the uses of and the different methods employed in the production of the sheets of the parties are immaterial. The application of appellee discloses a sheeting product containing minute wrinkles or folds, and an inspection of the exhibits, concededly made by appellee in accordance with his application, shows that the material is doubled back on itself in tiny, closely associated crimps, folds or wrinkles. We think that the doubling back or folds in the material come within the broad definition of pleats. It is true that the tiny folds are not exactly constant in size nor are they exactly parallel, but it seems to us, under the broad language of the counts, that these characteristics do not exclude the sheets of appellee from the broad definition of the term "pleated." We are further of the opinion that there is no ambiguity in the use of the said term in the counts. There is a great difference in the appearance, texture and body of the sheets of the parties, but the claims constituting the counts have been so broadly drawn that they include the products of both parties.

It is not contended here that the exhibits of appellee were not made on the date awarded by the tribunals below. Appellant merely contends that the said exhibits are not provided with a series of uniform, regular pleats or folds and therefore are not evidence of either conception of the invention as defined by the counts or reduction of it to practice. In the light of what has been hereinbefore stated, it is not necessary to discuss this contention. It is clear to us that appellee both conceived the involved invention and reduced it to practice at least not later than August 1, 1934, as was held below. Since we so hold, the question of diligence need not be discussed.

We find nothing in the record which tends to prove that appellee had any knowl-

edge of the entry of appellant into the field and therefore cannot agree with the contention that appellee was apparently spurred into activity by such knowledge.

Furthermore, it cannot be held that the invention was suppressed or concealed by appellee so as to bring the case under the doctrine of Mason v. Hepburn, 13 App.D.C. 86. He reduced the invention to practice at least as early as August 1, 1934, and the mere delay between that period and his filing date cannot be taken as evidence of suppression or concealment.

The invention having been reduced to practice, as aforesaid, the question of abandoned experiment is necessarily eliminated from the case.

We cannot agree with the contention of appellant that the product of appellee does not possess utility as a pleated sheet. We have hereinabove held that the appellee's product is a pleated sheet as defined by the counts, and it is quite apparent that as such it possesses utility as a decorative material.

The decision of the Board of Appeals is affirmed.

Affirmed.