212

32 C.C.P.A.(Patents)

## LOVELL v. PEER.

### Patent Appeals No. 4980.

Court of Customs and Patent Appeals.
March 5, 1945.

Alva D. Adams, of Washington, D. C., for appellant.

Harry E. Dunham, of Schenectady, N. Y. (Russell A. Warner, of Schenectady, N. Y., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This is an appeal in an interference proceeding wherein the Board of Interference Examiners awarded priority of invention of the subject matter of counts 1 to 5, inclusive, to appellee.

The interference involves an application of appellant filed July 27, 1938, and an application of appellee filed January 24, 1939.

Counts 4 and 5 are considered illustrative of the subject matter and read as follows:

"4. Repulsion apparatus comprising electromagnetic means for producing an alternating flux field in a generally horizontal circular region of substantial depth, said field having a substantially uniform average intensity layer generally in the shape of a cup and an armature of conducting material maintained in stabilized suspension in said field by upwardly and inwardly directed repulsion forces thereon.

"5. The method of maintaining a member of conducting material floating in space which consists in both counteracting the force of gravity thereon and in stabilizing said member solely by upwardly and laterally directed alternating magnetic flux repulsion forces."

The invention relates to a levitation device by which a metal object may be held in stabilized suspension in space by the action of an alternating electromagnetic field produced by a coil or coils carrying alternating current.

Both parties submitted evidence in the form of affidavits.

The Board of Interference Examiners did not discuss the record of appellant, for the reason that it held the record of appellee to have established a date of reduction to practice, October 4, 1934, earlier than any date alleged for conception or reduction to practice by appellant.

It appears that appellee is employed in the Research Laboratory of the General Electric Company at Schenectady, New York, and that in the spring of 1934 he began experimenting with electromagnetic levitation for a demonstration device. He first experimented with three coils, each containing an iron core, arranged in triangular position with their axes substantially vertical. His idea was to produce an alternating field above the coils which would support and stabilize by repulsion action a disk of conducting material above such field. His first experiments were not successful except to the degree that they aided him in designing coils and cores which in his estimation would be more satisfactory. With the new cores energized by frequencies varying from about 800 to 2000 cycles, metal objects would be lifted, but would slide off sideways, and thus floating stability was not attained. In one of the later tests, when through accident, one of the

coils was in reverse relation to the others when energized, not only was the object lifted but stability was also attained. Appellant then checked the polarity of the coils and found that one had been reversed. The test was repeated with one coil reversed and the object to be lifted was floated and stabilized. A record of that test was made, bearing date of October 4, 1934, by an employee of the General Electric Company who co-operated with appellee in his investigations and experiments on levitation and who was present at that test. That record relates the absence of stability in the first tests and also that when the single coil was reversed the metal object was floated for five minutes, after which one coil started to smoke so that the run was discontinued.

The testimony of appellee was held by the board to be corroborated by the employee who made that record.

No further activity of appellee is corroborated in the record until the early part of February, 1938, when he addressed to his superior a memorandum recounting the tests theretofore made and noting success in demonstrating the practicability of floating a metal object.

It appears that on May 25, 1938, a test similar in all respects to that of October 4, 1934, was made with successful results.

Appellant does not contend that the October 4, 1934, test was not made with the claimed results, but contends that appellee did not then have a sufficiently clear conception of the invention to produce the result so that he could reproduce it at will. He argues that the operation of floating the metal object by appellee depended upon unknown factors such as the inclination of the cores, and the effect of the smoking coil on the phase relationship of currents in the several coils, and consequently the influence on the magnetic field. While the record is not as clear as it might be concerning the inclination of the coils, we do not think that such inclination, if any, was critical enough to preclude successful operation, and there is no evidence by appellant that such is the fact. Therefore we hold, as was held by the board, that appellee's knowledge was not deficient in that respect. Appellant has not tendered any evidence that might establish that the smoking coil had been short-circuited nor in support of his statement as to the effect of the smoking coil upon the other coils or the mag-

netic field. Therefore we agree with the board that that contention is purely a matter of speculation.

Appellant further contends that the 1934 test of appellee was an abandoned experiment since there is no corroborating evidence that anything was done with appellee's invention from then until 1938 and his application was not filed until 1939. Appellant also alleges that appellee was spurred into activity by knowledge that appellant was in the field and that appellee had an opportunity to know of his work.

It appears that on May 17, 1938, appellant wrote to the president of the Buffalo, Niagara and Eastern Power Corporation at Buffalo, New York, requesting that he call to the attention of the General Electric Company the fact that he had solved "the old problem of levitation." He did not describe his device, but stated that with it he had supported a ten-pound weight in space. He desired to submit a confidential description of his results and to request General Electric to examine such description for novelty and possible usefulness. On May 24, 1938, his letter was transmitted to the vice-president of General Electric. He referred the letter to the manager of the patent department of General Electric who, on May 27, 1938, advised appellant that under no circumstances should he make any disclosure in confidence to General Electric and that he should take steps to protect himself by filing an application for patent or by other means. On June 28, 1938, appellant answered stating that he would apply for a patent.

As has been hereinbefore stated, on February 24, 1938, appellee wrote his superior concerning the successful test of October 4, 1934, and it will be noted that appellant's letter to the president of Buffalo, Niagara is dated May 17, 1938. As far as this record is concerned that was the first information brought to General Electric's attention that appellant was interested in the field of levitation. Therefore, it may not be successfully contended that appellee or his assignee, General Electric, was apprised of appellant's activity until more than three months subsequent to the renewal of appellee's activities in February, 1938. Appellee's activities continued from February, 1938, at least up to the date of the filing of his application. Therefore there is no evidence that appellee was spurred into activity.

214

We have held that, in the absence of evidence pointing to suppression or concealment after reduction of an invention to practice, delay in filing an application for the invention so reduced to practice does not constitute abandonment of the invention. Brown v. Childs, 120 F.2d 350, 28 C.C.P.A. (Patents) 1229; Brown v. Edeler et al., 110 F.2d 858, 27 C.C.P.A. (Patents) 1091.

It appears to us, as it did to the Board of Interference Examiners, that appellee reduced the invention defined by the counts to practice on October 4, 1934, since that date is prior to any that may be claimed by appellant, and since there is no evidence of abandonment, suppression or concealment after reduction to practice, the decision of the board will be affirmed.

The decision of the Board of Interference Examiners is affirmed.

Affirmed.